IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| JOHN O. SINCLAIR, | § | |
| Reg. No. 06088-097, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | EP-17-CV-58-DB |
| | § | |
| J. SCOTT WILLIS, Warden, | § | |
|     Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

John O. Sinclair seeks relief from his federal sentence through a petition under 28 U.S.C. § 2241 (ECF No. 1). After reviewing the record and for the reasons discussed below, the Court will *sua sponte* dismiss the petition, pursuant to 28 U.S.C. § 2243.[1]

Sinclair, a federal prisoner at the La Tuna Federal Correctional Institution in Anthony, Texas,[2] was sentenced to 322 months' imprisonment by the United States District Court for the Eastern District of North Carolina in cause number 7:02-cr-00031-H-1 after he pleaded guilty to possessing with the intent to distribute at least 50 grams of cocaine base (crack) and using and carrying a firearm during and in relation to a drug trafficking offense. In his petition, Sinclair is not asserting factual innocence of his crime of conviction; he is challenging the career offender enhancement to his sentence. Specifically, he claims he is actually innocent of his 1993 guilty-plea convictions in cause number 93-CRS-10364 in the Superior Court for Robeson County of North Carolina for assault with a deadly weapon inflicting serious injury and

---

[1] 28 U.S.C. § 2243 (2012) ("A court . . . entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.").

[2] Anthony is located in El Paso County, Texas, which is within the territorial confines of the Western District of Texas. 28 U.S.C. § 124(d)(3) (2012).

-1-

other offenses.[3] He asserts the North Carolina District Court should not, therefore, have relied on this state conviction to enhanced his sentence as a career offender pursuant to Sentencing Guidelines §§ 4B1.1[4] and 4B1.2[5] after he pleaded guilty in cause number 7:02-cr-00031-H-1.[6] He asks the Court to vacate his conviction in cause number 93-CRS-10364, vacate his sentence in 7:02-cr-00031-H-1, resentence him in 7:02-cr-00031-H-1 without the application of the career offender enhancement, and order his immediate release from federal custody.

"A section 2241 petition for habeas corpus on behalf of a sentenced prisoner attacks the manner in which his sentence is carried out or the prison authorities' determination of its duration."[7] To prevail, a §

---

[3] Sinclair presents documents which show on June 15, 2016, the Superior Court of Robeson County denied his motion for appropriate relief in which he alleged his actual innocence in cause number 93-CRS-10364. See Pet'r's Pet. 13-14, Feb. 27, 2017, ECF No. 1. The documents further show Sinclair filed a notice of appeal, which the Court of Appeals of North Carolina rejected because a party seeking appellate review of an order denying a motion for appropriate relief must file a petition for writ of certiorari. *Id.* at 16. The North Carolina Supreme Court also dismissed his notice of appeal. *Id.* at 15. In sum, Sinclair provides no evidence that any court has vacated or set aside his conviction in cause number 93-CRS-10364.

[4] *See* U.S. SENTENCING GUIDELINES MANUAL § 4B1.1 (U.S. SENTENCING COMM'N 2001) ("A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. ... A career offender's criminal history category in every case shall be Category VI.").

[5] *See id.* § 4B1.2(a) ("The term 'crime of violence' means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that -- (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.").

[6] *See Beckles v. United States*, 137 S. Ct. 886, 892 (2017) ("[T]he Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness.").

[7] *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted).

-2-

2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States."[8] A § 2241 petitioner may make this attack only in the district court with jurisdiction over his custodian.[9] By contrast, a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 "'provides the primary means of collateral attack on a federal sentence.'"[10] Thus, relief under § 2255 is warranted for errors that occurred at trial or sentencing.[11] A § 2255 petitioner may only bring his motion in the district of conviction and sentence.[12]

Section 2255 does contain a "savings clause" which acts as a limited exception to these general rules. It provides that a court may entertain a petition for writ of habeas corpus challenging a federal criminal conviction if it concludes that filing a motion to vacate, set aside or correct sentence pursuant to § 2255 is inadequate to challenge a prisoner's detention.[13] Furthermore, a petitioner must satisfy a two-prong test before he may invoke the "savings clause" to address errors occurring at trial or sentencing

---

[8] 28 U.S.C. § 2241(c) (2012).

[9] *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992).

[10] *Pack*, 218 F.3d at 451 (quoting *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990)).

[11] *See Cox*, 911 F.2d at 1114 (5th Cir. 1990) ("The district court's dismissal of these grounds clearly was proper because they concerned alleged errors that occurred at sentencing and, therefore, may be remedied under section 2255."); *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997) ("Because all of the errors Ojo alleges [occurred before or during sentencing], they must be addressed in a § 2255 petition, and the only court with jurisdiction to hear that is the court that sentenced him."); *Solsona v. Warden, F.C.I.*, 821 F.2d 1129, 1131 (5th Cir. 1987) (explaining that, because defendant's claims attacked the constitutionality of his conviction and proof of his claims would undermine the validity of his conviction, his exclusive initial remedy was a motion under § 2255).

[12] *Pack*, 218 F.3d at 452.

[13] *See* 28 U.S.C. 2255(e) ("An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*.") (emphasis added).

in a petition filed pursuant to § 2241:

> [T]he savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion.[14]

A petitioner must prove both prongs to successfully invoke the savings clause.[15] Thus, § 2241 is not a mere substitute for § 2255, and a petitioner bears the burden of showing that the § 2255 remedy is inadequate or ineffective.[16]

Sinclair filed a § 2255 motion in the North Carolina District Court.[17] He claimed his "sentence is unconstitutional as his guideline base offense level was improperly enhanced after *Johnson v. United States*, 125 S. Ct. 2552 (2015)."[18] The North Carolina District Court held the motion in abeyance pending the Supreme Court's final decision in *Beckles v. United States*.[19] In *Beckles*, the Supreme Court recently held "the Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness."[20] Although the North Carolina District Court has not yet acted on Sinclair's § 2255 motion, the Court assumes, based on *Beckles*, that it

---

[14] *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

[15] *Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005).

[16] *Reyes-Requena*, 243 F.3d at 901 (citing *Pack*, 218 F.3d at 452; *Kinder v. Purdy*, 222 F.3d 209, 214 (5th Cir. 2000)).

[17] Mot. to Vacate, ECF No 71, June 27, 2016, *Sinclair v. United States*, 7:02-CR-31-H-1; 7:16-CV-220-H (E.D.N.C.).

[18] *Id.* at 4.

[19] Order, Aug. 24, 2016, ECF No. 78, *Sinclair v. United States*, 7:02-CR-31-H-1; 7:16-CV-220-H (E.D.N.C.).

[20] *Beckles*, 137 S. Ct. at 892.

will deny him relief. The Fifth Circuit has held that "[t]his Court and other Courts of Appeals have consistently noted that 'a prior unsuccessful [section] 2255 motion is insufficient, in and of itself, to show the inadequacy or ineffectiveness of the remedy.'"[21] The Court finds that any assertion by Sinclair that § 2255 is an inadequate or ineffective means of attacking his current confinement would be unpersuasive.

Furthermore, Sinclair is not asserting his factual innocence with regard to his crime of conviction in the North Carolina District Court, but he is challenging the career offender enhancement to his sentence. Sinclair may proceed with an attack on the validity of his sentence in a § 2241 petition only if he can meet both prongs of the stringent test for the § 2255(e) "savings clause."[22]

The first prong of the test is, essentially, an "actual innocence" requirement whose "core idea is that the petitioner may be have been imprisoned for conduct which was not prohibited by law."[23] To meet the first prong, a petitioner must rely on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense.[24] Sinclair's claim challenging the enhancement of his sentence under Sentencing Guidelines §§ 4B1.1 and 4B1.2—based in part on his 1993 conviction in cause number 93-CRS-10364 in the Superior Court for Robinson County of North Carolina for assault with a deadly weapon inflicting serious injury—fails to satisfy the first prong. He has not alleged or shown that he "*was convicted of a nonexistent offense*" in the North Carolina District Court, and his claim "has no effect on whether the facts of his case would support his conviction for the substantive

---

[21] *Pack*, 218 F.3d at 452 (quoting *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979)).

[22] *Kinder*, 222 F.3d at 212.

[23] *Reyes-Requena*, 243 F.3d at 903.

[24] *Id.* at 904.

offense."[25] Therefore, since Sinclair's claim does not meet the stringent requirements of the savings clause, the Court will not allow him to proceed with this claim pursuant to § 2241.

As stated above, 28 U.S.C. § 2241 does not provide the authority for the Court to address Sinclair's claims. The Court will, therefore, dismiss Sinclair's petition as frivolous, and to the extent that Sinclair's petition may be construed as a § 2255 motion, the Court will dismiss it for lack of jurisdiction.[26] Accordingly, the Court enters the following orders:

**IT IS ORDERED** that Petitioner John O. Sinclair's *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241 (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that all pending motions in this cause, if any, are **DENIED AS MOOT**.

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this case.

**SO ORDERED.**

**SIGNED** this 13th day of April, 2017.

DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE

---

[25] *Padilla*, 416 F.3d at 427 (emphasis added).

[26] *Ojo*, 106 F.3d at 683.